### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY J. McNAUL, | : | Case No.: 3:18-cv-60 |
| Plaintiff, | : | |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

### COMPLAINT

NOW COMES, the Plaintiff, Kelly J. McNaul, by and through her attorneys, Spence, Custer, Saylor, Wolfe & Rose, LLC, and files this Complaint:

### Parties

1. The Plaintiff, Kelly J. McNaul ("Plaintiff"), is an adult individual residing at 131 Bromm Road, Somerset, Somerset County, Pennsylvania 15501, with a date of birth of September 2, 1962.

2. The Defendant, Commonwealth of Pennsylvania Department of Corrections ("Defendant"), is an agency of the Commonwealth of Pennsylvania that operates the State Correctional Institution – Laurel Highlands, among other correctional institutions, and has a registered business address of 1920 Technology Parkway, Mechanicsburg, Cumberland County, Pennsylvania 17050.

### Jurisdiction and Venue

3. This action arises under the laws of the United States of America and is within the federal question jurisdiction of the United States District Court for the Western District of Pennsylvania.

4. The events giving rise to this action occurred in Somerset County, Pennsylvania, such that personal jurisdiction and venue are proper in the United States District Court for the Western District of Pennsylvania.

5. On or about January 3, 2018, the United States Equal Employment Opportunity Commission ("EEOC") issued a "Notice of Right to Sue" – received by Plaintiff on January 5, 2018 – such that jurisdiction is proper in the United States District Court for the Western District of Pennsylvania.

6. More than sixty (60) days have elapsed from the date Plaintiff filed her Charge of Discrimination with the EEOC, such that jurisdiction is proper in the United States District Court for the Western District of Pennsylvania.

7. Plaintiff has exhausted all available administrative remedies, such that jurisdiction is proper in the United States District Court for the Western District of Pennsylvania.

**Factual Background**

8. Plaintiff was born on September 2, 1962.

9. At all times relevant hereto, Defendant was fully aware of Plaintiff's date of birth, such that Defendant had actual knowledge of Plaintiff's age.

10. In or around 1986, Plaintiff began her employment with the Commonwealth of Pennsylvania as a licensed practical nurse at the Somerset State Hospital in Somerset, Somerset County, Pennsylvania.

11. In 1991, Plaintiff completed nursing school and became a registered nurse.

12. Plaintiff worked as a registered nurse at the Somerset State Hospital until it closed on or about July 1, 1996.

13. When the Somerset State Hospital closed, it was redeveloped into a correctional institution known as the State Correctional Institution – Laurel Highlands ("SCI-Laurel Highlands").

14. Upon the transition of the facility from a State Hospital to SCI-Laurel Highlands, Plaintiff and other employees of the State Hospital were offered employment at SCI-Laurel Highlands.

15. From around or about July 1, 1996 through around or about April 6, 2015, Plaintiff was employed by Defendant as a Correctional Officer at SCI-Laurel Highlands.

16. On or about February 5, 2015, Plaintiff was diagnosed with breast cancer.

17. On or about April 6, 2015, a medical port was implanted in Plaintiff's chest wall to allow for the administration of chemotherapy treatments.

18. As a result of the chest port implantation, Plaintiff's treating physicians advised against working with the inmate population at SCI-Laurel Highlands.

19. Plaintiff sought an accommodation from Defendant to work in a modified duty position in the telephone room or control room so that she could continue working while receiving her chemotherapy treatment.

20. Defendant refused to accommodate Plaintiff's request and Plaintiff was forced to take a disability retirement.

21. Plaintiff's cancer treatment was successful, the chest port was removed, and Plaintiff was able to return to employment without any restrictions related to her cancer diagnosis by July 24, 2017.

22. By letter dated July 24, 2017, in accordance with 4 Pa. Code § 101.54, Plaintiff sought reinstatement to her prior position.

23. By letter dated July 31, 2017, Donald K. Talley, Defendant's Human Resource Officer, informed Plaintiff that she would not be reinstated to her prior position.

24. The stated reason for refusing to reinstate Plaintiff that there were no openings for Correctional Officers at SCI-Laurel Highlands at the time Plaintiff sought reinstatement.

25. In addition to SCI-Laurel Highlands, Defendant operates the State Correctional Institution – Somerset ("SCI-Somerset"), a state correctional facility located in Somerset, Somerset County, Pennsylvania.

26. It is believed, and therefore averred, that SCI-Laurel Highlands and SCI-Somerset enjoy shared administration, including Human Resources.

27. It is believed, and therefore averred, that at the time she sought reinstatement, there were active openings for Correctional Officers at both SCI-Laurel Highlands and SCI-Somerset, and Plaintiff could have been reinstated to those positions.

28. As a consequence of her disability retirement, Plaintiff was required to receive monthly income directly from her retirement account, which substantially reduced its balance.

## Count I

## Age Discrimination

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 as if the same were more fully set forth herein.

30. The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, prohibits discrimination against an employee on the basis of age.

31. At all times relevant hereto, Defendant was an employer subject to the ADEA and Plaintiff was an employee protected by the ADEA.

32. At the time of Defendant's refusal to reinstate Plaintiff to her position, Plaintiff was fifty-four (54) years old and was more than qualified for the positon in which she was previously employed.

33. At the time of Defendant's refusal to reinstate Plaintiff to her position, a younger, less experienced employee or employees were hired and/or promoted to positions in which Plaintiff could have been reinstated.

34. Defendant discriminated against Plaintiff on the basis of her age by failing and/or refusing to reinstate her to her position without cause for the purpose of replacing her with a younger employee or employees and/or hiring and/or promoting a younger employee or employees.

35. As a result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and early withdrawal of retirement funds.

WHEREFORE, the Plaintiff, Kelly J. McNaul, demands judgment and damages in her favor, including lost wages, liquidated damages, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court may deem proper and just.  **JURY TRIAL DEMANDED.**

## Count II

### Pennsylvania Human Relations Act Age Discrimination

36. Plaintiff hereby incorporates by reference Paragraphs 1 through 35 as if the same were more fully set forth herein.

37. The Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955, prohibits discrimination against an employee on the basis of age.

38. At all times relevant hereto, Defendant was an employer subject to the PHRA and Plaintiff was an employee protected by the PHRA.

39. At the time of Defendant's refusal to reinstate Plaintiff to her position, Plaintiff was fifty-four (54) years old and was more than qualified for the positon in which she was previously employed.

40. At the time of Defendant's refusal to reinstate Plaintiff to her position, a younger, less experienced employee or employees were hired and/or promoted to positions in which Plaintiff could have been reinstated.

41. Defendant discriminated against Plaintiff on the basis of her age by failing and/or refusing to reinstate her to her position without cause for the purpose of replacing her with a younger employee or employees and/or hiring and/or promoting a younger employee or employees.

42. As a result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and early withdrawal of retirement funds

WHEREFORE, the Plaintiff, Kelly J. McNaul, demands judgment and damages in her favor, including lost wages, liquidated damages, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court may deem proper and just.  **JURY TRIAL DEMANDED.**

## Count III

### Sex Discrimination

43. Plaintiff hereby incorporates by reference Paragraphs 1 through 42 as if the same were more fully set forth herein.

44. Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, prohibits discrimination against an employee based upon the employee's sex and/or gender.

45. At all times relevant hereto, Plaintiff was a statutory employee, and therefore a protected class member against sex and/or gender discrimination.

46. At all times relevant hereto, Defendant was an employer subject to the provisions of Title VII.

47. At the time of Defendant's refusal to reinstate Plaintiff to her position, a male employee or employees were hired and/or promoted to positions in which Plaintiff could have been reinstated.

48. Defendant discriminated against Plaintiff on the basis of her sex and/or gender by failing and/or refusing to reinstate her to her position without cause for the purpose of replacing her with a male employee or employees and/or hiring and/or promoting a male employee or employees.

49. As a result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and early withdrawal of retirement funds.

WHEREFORE, the Plaintiff, Kelly J. McNaul, demands judgment and damages in her favor, including lost wages, liquidated damages, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court may deem proper and just.  **JURY TRIAL DEMANDED.**

## Count IV

### Pennsylvania Human Relations Act Sex Discrimination

50. Plaintiff hereby incorporates by reference Paragraphs 1 through 49 as if the same were more fully set forth herein.

51. The PHRA, 43 P.S. § 955, prohibits discrimination against an employee based upon the employee's sex and/or gender.

52. At all times relevant hereto, Plaintiff was a statutory employee, and therefore a protected class member against sex and/or gender discrimination.

53. At all times relevant hereto, Defendant was an employer subject to the provisions of the PHRA.

54. At the time of Defendant's refusal to reinstate Plaintiff to her position, a male employee or employees were hired and/or promoted to positions in which Plaintiff could have been reinstated.

55. Defendant discriminated against Plaintiff on the basis of her sex and/or gender by failing and/or refusing to reinstate her to her position without cause for the purpose of replacing her with a male employee or employees and/or hiring and/or promoting a male employee or employees.

56. As a result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and early withdrawal of retirement funds.

WHEREFORE, the Plaintiff, Kelly J. McNaul, demands judgment and damages in her favor, including lost wages, liquidated damages, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court may deem proper and just.  **JURY TRIAL DEMANDED.**

## Count V

### Disability Discrimination

57. Plaintiff hereby incorporates by reference Paragraphs 1 through 56 as if the same were more fully set forth herein.

58. The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, prohibits discrimination against an employee based upon the employee's disability.

59. At all times relevant hereto, Plaintiff was a statutory employee, and therefore a protected class member against disability discrimination.

60. At all times relevant hereto, Defendant was an employer subject to the provisions of the Americans with Disabilities Act of 1990.

61. Defendant failed and/or refused to provide reasonable accommodation to Plaintiff upon her diagnosis of breast cancer and the implantation of a medical chest port.

62. Providing a reasonable accommodation to Plaintiff would not have caused a significant hardship or expense to Defendant.

63. Defendant's failure and/or refusal to provide reasonable accommodation to Plaintiff was discrimination under the Americans with Disabilities Act of 1990.

64. Defendant failed and/or refused to reinstate Plaintiff to her position because of her history of breast cancer.

65. Defendant discriminated against Plaintiff on the basis of her disability by failing and/or refusing to reinstate her to her position without cause because of her history of breast cancer.

66. At all times relevant hereto, Defendant discriminated against Plaintiff by failing and/or refusing to reinstate Plaintiff to her position, even though Plaintiff was qualified for the position in which she sought reinstatement.

67. As a result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and early withdrawal of retirement funds.

WHEREFORE, the Plaintiff, Kelly J. McNaul, demands judgment and damages in her favor, including lost wages, liquidated damages, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court may deem proper and just.  **JURY TRIAL DEMANDED.**

## Count VI

### Pennsylvania Human Relations Act Disability Discrimination

68. Plaintiff hereby incorporates by reference Paragraphs 1 through 67 as if the same were more fully set forth herein.

69. The PHRA, 43 P.S. § 955, prohibits discrimination against an employee based upon the employee's disability.

70. At all times relevant hereto, Plaintiff was a statutory employee, and therefore a protected class member against disability discrimination.

71. At all times relevant hereto, Defendant was an employer subject to the provisions of the PHRA.

72. Defendant failed and/or refused to provide reasonable accommodation to Plaintiff upon her diagnosis of breast cancer and the implantation of a medical chest port.

73. Providing a reasonable accommodation to Plaintiff would not have caused a significant hardship or expense to Defendant.

74. Defendant's failure and/or refusal to provide reasonable accommodation to Plaintiff was discrimination under the PHRA.

75. Defendant failed and/or refused to reinstate Plaintiff to her position because of her history of breast cancer.

76. Defendant discriminated against Plaintiff on the basis of her disability by failing and/or refusing to reinstate her to her position without cause because of her history of breast cancer.

77. At all times relevant hereto, Defendant discriminated against Plaintiff by failing and/or refusing to reinstate Plaintiff to her position, even though Plaintiff was qualified for the position in which she sought reinstatement.

78. As a result of Defendant's discriminatory conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and early withdrawal of retirement funds.

WHEREFORE, the Plaintiff, Kelly J. McNaul, demands judgment and damages in her favor, including lost wages, liquidated damages, punitive damages, attorney's fees and costs, and such other relief as this Honorable Court may deem proper and just.  **JURY TRIAL DEMANDED.**

        Respectfully submitted,

        SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC

        /s/ Ronald P. Carnevali, Jr.
        Ronald P. Carnevali, Jr., Esquire
        I.D. No. 47733
        rcarnevali@spencecuster.com
        Toby D. McIlwain, Esquire
        I.D. No. 316074
        tmcilwain@spencecuster.com

        *Attorneys for Plaintiff,*
        *Kelly J. McNaul*

        1067 Menoher Boulevard
        Johnstown, Pennsylvania 15905
        (814) 536-0735 (telephone)
        (814) 539-1423 (facsimile)